# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN WILKINSON, : No. 3:10cv1760
        Plaintiff :
: (Judge Munley)
:
v. :
:
PROGRESSIVE INSURANCE :
COMPANY, :
        Defendant :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendant's motion to change venue. Having been briefed, the matter is ripe for disposition.

**Background**

This case arises out of an automobile accident that occurred on July 25, 2007 on Interstate Highway 80 in Pennsylvania. (See Complaint, Exh. A to Notice of Removal (Doc. 1) (hereinafter "Complt.")). On that day, Plaintiff Joan Wilkinson was a passenger in a Jeep Grand Cherokee merging onto the highway, traveling westbound. (Id. at ¶ 7). A car operated by Amanda Hibbert "suddenly and without warning," ran into the rear end of the vehicle in which plaintiff was riding, causing her injury. (Id. at ¶ 9). Plaintiff alleges that Hibbert's negligence caused the accident. (Id. at ¶ 10).

Plaintiff had a contract for automobile insurance with Defendant Progressive Insurance at the time of the accident. (Id. at ¶ 3). This policy provided coverage for

uninsured and underinsured motorist benefits. (Id.). Plaintiff alleges that at the time of the accident Hibbert was operating an underinsured vehicle, as defined by the policy. (Id. at ¶ 17). Plaintiff notified defendant and made a claim for underinsured benefits on her policy. (Id. at ¶ 19). Defendant has not paid this claim. (Id. at ¶ 20). Plaintiff therefore alleges a breach of contract against defendant and seeks damages. (Id. at ¶ 21).

Plaintiff filed her complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania. Defendant, citing diversity jurisdiction, removed the case to this court. (See Notice of Removal (Doc. 1)). Defendant then filed the instant motion to transfer the case to the United States District Court for the District of Connecticut. The parties briefed the motion, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a Connecticut citizen. Defendant is an Ohio corporation with its principal place of business in that state. The amount in controversy exceeds $75,000.

**Discussion**

Defendant seeks to have the court transfer venue to the United States District Court for the District of Connecticut. Defendant argues that plaintiff was a resident of Connecticut at the time the accident occurred, and that she remains a Connecticut resident today. The defendant also points out that the parties agree the law of Connecticut should apply to the case, and that the contract of insurance at issue was

2

executed and delivered in that state. Moreover, at issue in the case will be plaintiff's medical records, and these records are all in the hands of Connecticut doctors. Since the case could have been brought in Connecticut, the issues will be decided using Connecticut law, and much of the evidence at issue in the case is located in Connecticut, venue should be in that state.

Defendant brings this motion pursuant to 28 U.S. §1404(a). That provision reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The burden of establishing the need for transfer . . . rests with the movant." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Courts consider a variety of factors in determining the proper forum, and "[w]hile there is no definitive formula or list of the factors to consider . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a). " Id. Still, "[w]hether to transfer a case is generally committed to the discretion of the district courts." In re United States, 273 F.3d 380, 387 (3d Cir. 1995). Of course, "a plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . 'should not be lightly disturbed.'" Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (quoting Ungrund v. Cunningham Brothers, Inc., 300 F.Supp. 270, 272 (S.D. Ill. 1969)). Thus, "'a transfer should not be liberally granted.'" Id. (quoting Handlos v. Litton Industries, Inc., 304 F.Supp. 347, 352 (E.D. Wis. 1969)). As such,

3

"'unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail.'" Id. (quoting Owatonna Manufacturing Company v. Melroe Company, 301 F.Supp. 1296, 1307 (D. Minn. 1969)).

The parties agree that a variety of factors articulated by the Third Circuit Court of Appeals apply to this case. The "private factors" to be weighed are: "plaintiff's forum preference"; "defendant's preference"; "the convenience of the parties as indicated by their relative physical and financial consideration"; "the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and the location of books and records (similarly limited to the extent that files could not be produced in the alternative forum.)" Jumara, 55 F.3d at 879. The "public factors" are "the enforceability of the judgment"; "practical considerations that could make the trial easy, expeditious, or inexpensive"; "the relative administrative difficultly in the two fora resulting from court congestion"; "the local interest in deciding local controversies at home"; the public policies of the fora"; "and the familiarity of the trial judge with the applicable state law in diversity cases." Id. at 879-880.

Defendant, which has the burden of proof as to why transfer is necessary, points to several factors supporting such action. First, defendant argues that the court need not provide deference to plaintiff's choice of venue because Connecticut,

4

not Pennsylvania, is her "home forum."[1]  Because the case here is a contract dispute, the operative facts of the lawsuit occurred outside Pennsylvania, and deference to plaintiff's choice is even less persuasive.  Second, plaintiff argues that the convenience of the parties would be served by transferring the case to Connecticut.  Plaintiff herself resides and is employed in Connecticut.  She suffered another automobile accident eight months after the accident at issue here, and the medical treatment she received was in Connecticut.  Like all of the doctors who treated plaintiff for her injuries in the accident at issue in this case, all the medical personnel who treated plaintiff for the second injury are in Connecticut.  Finally, defendant cites one of the "public" reasons for transferring litigation, arguing that

---

[1] Defendant cites to Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 634 (3d Cir. 1989), where the court reviewed the district court's dismissal of a lawsuit by a German manufacturer against an American chemical company on *forum non conveniens* grounds. The district court had granted defendant's motion contingent on the willingness of West German courts to entertain plaintiff's claims. Id. at 631. The Court of Appeals found that the district court erred in not explaining properly why it had disregarded plaintiff's choice of forum, particularly since "[t]he foreign plaintiff is suing the defendant in the latter's home forum where the latter's corporate headquarters, headquarters of the division in question, and research laboratories are located. That in itself has considerable weight in showing that the plaintiff's choice was based on convenience." Id. at 634. As the court earlier explained, however, "[o]rdinarily, great deference is accorded a plaintiff's choice of forum, but the amount of deference due is less when the plaintiff is foreign." Id. at 633. Still, "[b]ecause the reason for giving a foreign plaintiff's choice less deference is not xenophobia, but merely a reluctance to assume that the choice is a convenient one, that reluctance can readily be overcome by a strong showing of convenience." Id. at 634. The court finds this case largely inapposite to the matter at issue here. While this case surely underlines the idea that the first consideration of the court should be the relative convenience of the parties involved, the facts of the case provide two reasons not to accord the holding much weight here. First, the case deals with dismissal for *forum non conveniens*, not transfer to another jurisdiction. Second, the language used by the Court of Appeals is clearly used to address a situation where the plaintiff is actually foreign, not just a person residing in a jurisdiction where the court is not located.

5

Connecticut law will govern the case. A judge in Connecticut, therefore, will be better equipped to handle any legal questions that arise in this matter.

Plaintiff responds by insisting that her choice of forum should remain paramount, and that she chose Pennsylvania as the forum, even though she lives and works in Connecticut. She also points out that the accident that gave rise to the suit took place in Pennsylvania, and that the facts of this accident are at issue. Plaintiff argues as well that the convenience of the parties favors proceeding with this action in Pennsylvania. Plaintiff has already submitted to a deposition in Pennsylvania on a related matter, and defendant has access to this deposition. The only depositions which need to be taken in the case are the depositions of plaintiff's doctors, and they would generally be taken in Connecticut, whether venue for the actual trial were in Pennsylvania or Connecticut. The plaintiff's medical records have already been provided the defendant. Since those doctors could testify through deposition at trial, they would not be inconvenienced by a Pennsylvania venue. The only witnesses who will testify at trial besides the plaintiff live in Pennsylvania. In terms of the public interest, the plaintiff disputes defendant's claim that Connecticut law will govern the analysis here.

The court will deny the defendant's motion. The court first notes that defendant has not articulated a reason why it prefers the Connecticut forum. Defendant is a large insurance company, headquartered in Ohio, and certainly capable of providing the funds necessary to defend its interests in any jurisdiction

6

where it operates. Defendant does not contend that trying the case in this jurisdiction will inconvenience the company in any way. Instead, defendant contends that plaintiff will be inconvenienced by having to travel from Connecticut to Pennsylvania to litigate the case. While the court appreciates defendant's concern for plaintiff's time, the court affords more weight to plaintiff's own representations about her forum preference and her willingness to litigate the case in this jurisdiction. Since plaintiff's forum preference is "paramount," and the defendant has not articulated any reasons why it will be inconvenienced–much less prejudiced–by litigating the case in the Middle District of Pennsylvania, the court rejects defendant's reasoning on this point. The court is also persuaded that the other witnesses will not be inconvenienced by siting this case in Pennsylvania. The court accepts plaintiff's representations that at trial, no witnesses from outside Pennsylvania will be called and that medical witnesses can testify by deposition at trial, if necessary. In terms of depositions of doctors, the court agrees with plaintiff that such depositions will occur in Connecticut, wherever the trial occurs. In terms of the "public" concern raised by the defendant, the court concludes that it will suffer no great inconvenience whether it has to use Pennsylvania or Connecticut law in interpreting a contract.

**Conclusion**

For the reasons stated above, the court will deny the defendant's motion to transfer venue. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN WILKINSON, | : | No. 3:10cv1760 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| PROGRESSIVE INSURANCE COMPANY, | : | |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 14th day of February 2011, the defendant's motion to change venue pursuant to 28 U.S.C. Section 1404(a) (Doc. 13) is hereby **DENIED**.

                                          **BY THE COURT:**

                                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **UNITED STATES DISTRICT COURT**